# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JEROME E. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV1003 HEA |
| | ) | |
| STEVE PFISTER and | ) | |
| CHRISTINA MCCARTHY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Jerome E. Berry brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon three motions filed by Plaintiff. First, Plaintiff seeks leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Because Plaintiff's motion does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the motion will be denied and the Court will direct Plaintiff to file an amended motion or pay the full $402 filing fee. Second, Plaintiff seeks appointment of counsel in this matter. ECF No. 3. As there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion subject to refiling at a later date. Third, Plaintiff requests that two exhibits be added to the pleadings in this matter. ECF No. 4. In one of the exhibits, Plaintiff makes new allegations that were not raised in his initial complaint. Plaintiff's motion will be granted as leave should be freely given, but the Court will direct Plaintiff to file an amended complaint on the court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

## Background

Plaintiff, an inmate at Farmington Correctional Center ("FCC"), filed this 42 U.S.C. § 1983 action alleging negligence and conspiracy regarding his lack of re-admittance and completion of the Missouri Sexual Offender Program ("MOSOP").  ECF No. 1.  Defendants are Missouri Department of Corrections ("MDOC") employees involved in MOSOP.  At some point in the past, Plaintiff started MOSOP and completed Phase I.  ECF No. 1-2 at 15.  However, in October 2007, Plaintiff signed a refusal to participate form and he was terminated from MOSOP before completing Phase II.  *Id.* at 1, 4.  Plaintiff alleges that despite his request to be on the "second chance" list, he was never readmitted to MOSOP in the subsequent fourteen years.  *Id.* at 1.  Completion of MOSOP is a condition of Plaintiff's release.  As a result, the Missouri Board of Probation and Parole denied Plaintiff release on parole and extended his conditional release date.  *Id.* at 3.  Plaintiff alleges that Defendants were incompetent and conspired with the Board of Probation and Parole to "illegally defer[]" his thirty-year sentence.  ECF No. 1 at 3.

Plaintiff initiated this action simultaneously with another nearly identical-as-filed civil rights action on the same day.  *See Berry v. James*, No. 4-21-cv-1002-NAB (E.D. Mo. Aug. 11, 2021).  On August 11, 2021, the Court received in the mail from Plaintiff two § 1983 complaint forms, two motions to proceed *in forma pauperis*, two civil cover sheets, two original filing forms, and two motions for appointment of counsel.  As such, two separate civil cases were opened for Plaintiff.  Although the two Defendants listed on the docket sheets for these two cases are different, the attached exhibits list the same six defendants in each case and make the same factual allegations against all.  *See id.* ECF No. 1-1; ECF No. 1-1.

## Plaintiff's Motions Before the Court

### I.      Motion for In Forma Pauperis (ECF No. 2)

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing *in forma pauperis* which is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a). E.D. Mo. L.R. 2.05(C).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(b)(1), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee, usually in the form of an initial partial payment and then installment payments over time. *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, it is unclear whether Plaintiff is actually seeking *in forma pauperis* status in this matter. Plaintiff submitted the Court's "Application to Proceed In District Court Without Paying Fees or Costs," but he crossed out multiple areas on the first page and wrote "Will Pay Filing Fee $400.00."[1]  *See* ECF No. 2 at 1. On the second page of the motion, Plaintiff answered

---

[1] The fee for bringing a civil action in this Court is actually $402, which includes a statutory filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350"); 28 U.S.C. § 1914(b) ("The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States"). As of December 1, 2020, the Judicial Conference added a $52.00 administrative fee to the statutory fee for filing a civil action in district court. *See* Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Dec. 1, 2020).

"None" to all the financial questions and then he signed and dated the motion. *See id.* at 2. As of the date of this Order, the Court has not received a filing fee payment from Plaintiff. And without any financial information, the Court cannot determine whether Plaintiff should be granted *in forma pauperis* status.

Plaintiff must either provide the required financial information on a complete 'Application to Proceed in District Court without Prepaying Fees or Costs,' or pay the full $402 filing fee, in order for this case to proceed. If Plaintiff files an Application, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint. Because the pending motion is defective under the Local Rules and the federal statute under which it may be granted, the motion will be denied.

## II.    Motion for Appointment of Counsel (ECF No. 3)

Plaintiff has also filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims,

and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The request for counsel is premature. Plaintiff has not alleged a *prima facie* claim, Defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

### III.    Motion to Bring Forth Exhibits A and B (ECF No. 4)

Two months after initiating this action, Plaintiff filed a 'Motion to Bring Forth My Exhibit 'A' and B."[2] ECF No. 4. The Motion requests that the Court accept Plaintiff's attached Exhibits A and B "to help this Court adjudicate his civil rights complaint." *Id.* at 1. In the Exhibit A letter to the Court, Plaintiff alleges that he was transferred from FCC to Northeast Correctional Center ("NECC") in August 2011, in retaliation for a complaint he filed against an FCC employee. *Id.* at 3-5. Plaintiff also alleges that a NECC case worker failed to protect him from an attack by other inmates. *Id.* at 4. Exhibit B is a November 2012 response from the NECC Warden concerning that alleged attack, in which Plaintiff is denied transfer to a different MDOC facility. *Id.* at 6.

As leave to amend should be freely given, the Court will grant Plaintiff's motion to include these exhibits in this matter. *See* Fed. R. Civ. P. 15(a). However, because these exhibits detail new allegations of retaliatory transfer and failure to protect that were not raised in the original complaint, the Court will direct Plaintiff to file an amended complaint in this matter that contains

---

[2] The Court notes that Plaintiff did not file this same Motion in his nearly identical case that was simultaneously opened with this one. *See Berry v. James*, No. 4-21-cv-1002-NAB (E.D. Mo. Aug. 11, 2021). As the information in this Motion seems to be the only information differentiating these two cases, Plaintiff should focus on such information in the filing of his amended complaint so that the Court can understand how this civil action differs from the simultaneously filed matter.

all of the claims he wishes to pursue.  The amended complaint should be filed within thirty (30) days of this Order, on the court-provided form, and in compliance with these instructions.

<strong>Amendment Instructions</strong>

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered.  *Id.*  Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure.  *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant.  *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant.  *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption,

plaintiff may add additional sheets of paper.  However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.  Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant.  If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on the Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's defective application to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff copies of the Court's 'Prisoner Civil Rights Complaint' form and the 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $402 filing fee or submit the completed 'Application to Proceed in District Court without Prepaying Fees or Costs,' within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files an 'Application to Proceed in District Court without Prepaying Fees or Costs,' he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to bring forth exhibits A and B [ECF No.4] is **GRANTED**.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.

Dated this 3rd day of November, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE