UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME E. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV1003 HEA |
| | ) | |
| STEVE PFISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Jerome E. Berry brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 10. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $120.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based on review of the amended complaint filed in this matter, the Court will dismiss the complaint, without prejudice, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted state prisoner at Farmington Correctional Center ("FCC"). ECF No. 9 at 12. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted a certified inmate account statement showing average monthly deposits of $602.50 over a six-month period. ECF No. 10 at 4-9. The Court will therefore assess an initial partial filing fee of $120.50, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Background**

As discussed above, Plaintiff is a convicted state prisoner at Farmington Correctional Center ("FCC"). ECF No. 9 at 12. Plaintiff's initial 42 U.S.C. § 1983 complaint alleged negligence and conspiracy regarding his lack of re-admittance and completion of the Missouri Sexual Offender Program ("MOSOP") – a required condition of his release on parole. ECF No. 1. Named defendants were Missouri Department of Corrections ("MDOC") employees involved in MOSOP. Plaintiff alleged that, after signing a refusal to participate form, he was terminated from MOSOP before completing Phase II. However, he later requested to be on the "second chance" list for MOSOP. Despite this request, Plaintiff was never re-admitted to MOSOP in the subsequent fourteen years of his incarceration. As a result, he did not complete MOSOP before his Missouri Board of Probation and Parole review. He was denied release on parole and his conditional release date was extended. Plaintiff alleged that defendants were incompetent and conspired with the Board of Probation and Parole to keep him incarcerated. *Id.*

Plaintiff initiated this action simultaneously with another nearly identical-as-filed civil rights action on the same day. *See Berry v. James*, No. 4:21-cv-1002-NAB (E.D. Mo. Aug. 11, 2021). Plaintiff named two Missouri Department of Corrections ("MDOC") employees in that case, Amy James and Scott O'Kelley, and he made similar allegations regarding his lack of re-admittance to MOSOP. That case was dismissed on November 4, 2021, after the Court found that

Plaintiff failed to state a valid due process claim because Plaintiff does not have a constitutionally protected liberty interest in the possibility of parole or conditional release, nor the right to participate in MOSOP. *Id.* at ECF No. 5 at 4-6. The Court also found that Plaintiff failed to state a plausible § 1983 conspiracy claim. *Id.* at 7. Plaintiff did not appeal the dismissal of that matter.

After Plaintiff filed a motion to bring forth additional exhibits in this case, the Court issued an Order on November 3, 2021, directing Plaintiff to file an amended complaint that contained all the claims he wished to pursue and that clarified how this case is different from the simultaneously filed civil action. *See* ECF No. 5. Plaintiff filed his amended complaint on December 1, 2021.

### The Amended Complaint (ECF No. 9)

Plaintiff brings his amended 42 U.S.C. § 1983 complaint against seven defendants: (1) Steven Pfister (Manager of Operations for MOSOP); (2) Christina McCarthy (Administrator for Missouri Board of Probation and Parole); (3) Mike White (Case Manager at FCC); (4) Elizabeth Atterberry (Regional Director for MOSOP); (5) Scott O'Kelley (Assistant Divisional Director for MDOC); (6) Amy James (Assistant Clinical Director for MOSOP); and (7) Sarah Whited (Parole Officer).[1] ECF No. 9 at 12-13. All defendants are sued in both their individual and official capacities. *Id.*

Plaintiff alleges that the defendants acted under color of law to violate his 8th and 14th Amendment rights "by cruel and unusual treatment and deliberate indifference." *Id.* at 11-13. Plaintiff accuses all the defendants of conspiring together through a "meeting of the minds" from August 3, 2006, until the present date, to use the MOSOP "as a tie-down to contain [Plaintiff] by im-burying [sic] him in the system of the Department of Corrections (DOC) with no or any intent of releasing him as he was originally granted." *Id.* at 16 n. 4 (internal quotations omitted).

---

[1] The Clerk of Court will be directed to update the docket sheet to include all defendants named in the Amended Complaint.

- 4 -

According to Plaintiff, he was sentenced in Missouri state court to two thirty-year sentences for forcible rape, to be served concurrently. *Id.* at 14. Based on his "Face Sheet" dated July 14, 2017 and attached as an exhibit[2] to the amended complaint, Plaintiff's sentences for these rape charges were "deferred" while he was actively serving a sentence for attempted robbery with a conditional release date of August 2, 2018, and maximum release date of August 2, 2021. *Id.* at 18. However, his "Face Sheet" dated July 6, 2018, shows that the rape-charge sentences were reactivated with an extended conditional release date (and maximum release date) of June 22, 2023, while Plaintiff was still actively serving the robbery sentence with an extended conditional release date (and maximum release date) of August 2, 2026. *Id.* at 19. Plaintiff asserts that this change in his potential release date shows defendants' deliberate indifference and cruel and unusual treatment in their "obstruction" with "unlawful actions" by "deferred reactivation" of his sentence. *Id.* at 14, 19. Plaintiff argues that defendants had no authority to change his deferred sentence and he alleges that this change violates federal and state law, specifically Missouri Revised Statute § 558.011[3] "that grants the Plaintiff two Liberty Interest Rights," including due process and equal protection. *Id.* at 14-15.

For relief, Plaintiff seeks a permanent injunction and damages. *Id.* at 17.

## Discussion

Although Plaintiff names additional defendants, he is essentially making the same arguments, based on the same factual allegations, as he did in his simultaneously filed and previously dismissed case before this Court. *See Berry v. James*, No. 4:21-cv-1002-NAB (E.D.

---

[2] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[3] Generally, Missouri Revised Statute § 558.011 (2021) provides terms of imprisonment for both prison and conditional release terms based on the class of felony or misdemeanor, and on the length of sentence imposed.

Mo. Aug. 11, 2021). Like that case, this case is subject to dismissal for failure to state a valid claim under § 1983. Plaintiff has no constitutionally protected liberty interest in the possibility of parole or conditional release. The allegations of Plaintiff's amended complaint do not state a claim for relief under the due process clause, the equal protection clause, the Eighth Amendment, or for conspiracy under § 1983. This case will be summarily dismissed.

I.   **Plaintiff's Current Prison Term: No State Statute Violation**

In order to understand Plaintiff's claims, some background information on his current prison sentence is necessary. Independent review of Plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff was sentenced on July 30, 1982, on two charges of rape to concurrent thirty-year terms. *See State v. Berry*, Case No. 21CCR-461160 (21st Jud. Cir. August 31, 1981). But also, on that same date, Plaintiff was sentenced on charges of first-degree robbery and kidnapping to concurrent fifteen-year terms. *Id.* As such, Plaintiff received a total sentence of forty-five years by the Missouri court.

Based on the "calculation start" date of August 4, 1981 on Plaintiff's "Face Sheet," the end of Plaintiff's total forty-five-year term would be in August 2026 – which corresponds with the maximum release date of August 2, 2026 on his "Face Sheet." ECF No. 9 at 19. As such, Plaintiff is still serving the forty-five years that he was sentenced to in 1982 by the Missouri court.

As stated in the Missouri statute cited by Plaintiff, "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the parole board." Mo. Rev. Stat. § 588.011(5) (2021). Therefore, counter to Plaintiff's argument otherwise, the Missouri statute gives the parole board the right to extend his conditional release up until the maximum of his forty-five-year sentence. Plaintiff's amended complaint fails to state a violation of this state statute.

## II.     Failure to State a Valid § 1983 Claim

Regardless, in order to state a valid § 1983, Plaintiff must allege more than a state law violation. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### a.  No Due Process Claim

Given that Plaintiff is still serving his initial forty-five-year sentence, his amended complaint can only be interpreted as claiming that he has been denied his right to early release or parole on this sentence. Plaintiff's allegations do not state a valid due process claim because due process requirements apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of property or liberty, *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972), and neither interest exists here.

This case obviously does not involve a property interest, and Plaintiff does not have a constitutionally protected liberty interest in the possibility of parole or conditional release. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S.

1, 7 (1979).  Although a state's parole statutes and regulations may create a liberty interest protected by the Fourteenth Amendment's Due Process Clause, *id.* at 12, the United States Court of Appeals for the Eighth Circuit has determined that Missouri's parole statutes do not create such an interest.  *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Marshall v. Mitchell,* 57 F.3d 671, 673 (8th Cir. 1995)).

Furthermore, the Missouri parole policy guidelines are not mandatory.  *See* 14 Mo. C.S.R. 80-2.020(1) (2016) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length.  Mitigating or aggravating circumstances may warrant decisions outside the guidelines.").  As such, the Missouri parole guidelines do not create a constitutionally protected liberty interest.

Because of Plaintiff's failure to complete MOSOP, he is ineligible for conditional release, and it cannot be said he was denied a due process right.  *See* Mo. Rev. Stat. 589.040; *Reynolds v. Mo. Bd. of Prob. and Parole*, 468 S.W.3d 413 (Mo. Ct. App. 2015).  "The [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The board's *consideration* of granting conditional release to any of the inmates [is] a mere possibility, nothing more.  It is insufficient to support a claim for the creation of a disability."  *Rentschler v. Nixon*, 311 S.W.3d 783, 788-89 (Mo. banc 2010) (emphasis in original).  Plaintiff therefore cannot establish he was deprived of an interest encompassed by the Fourteenth Amendment's protection of property or liberty.  He fails to state a viable due process claim.

### b.  No Equal Protection Claim

The Equal Protection Clause provides, "No State shall … deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "The purpose of the equal protection clause ... is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper

execution through duly constituted agents." *Sunday Lake Iron Co. v. Wakefield Twp.*, 247 U.S. 350, 352 (1918). Unequal treatment of "those who are entitled to be treated alike[] is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." *Batra v. Bd. of Regents of Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996) (*quoting Snowden v. Hughes*, 321 U.S. 1, 8 (1944)). "The good faith of [state] officers and the validity of their actions are presumed; when assailed, the burden of proof is upon the complaining party." *Sunday Lake*, 247 U.S. at 353 (citations omitted). Plaintiff's allegations must show purposeful discrimination – it is not enough for plaintiff to characterize an official's decision as "unequal." *Snowden*, 321 U.S. at 10.

Here, Plaintiff makes only conclusory allegations of an equal protection violation. He does not allege any discriminatory or unequal treatment by defendants. The allegations of the amended complaint do not establish that Plaintiff and any other similarly situated prisoner were intentionally treated differently. Also, nothing in the amended complaint indicates intentional or purposeful discrimination on the part of the defendants. There are simply no allegations supporting an equal protection claim in this case.

    **c.  No Eighth Amendment Cruel and Unusual Punishment Claim**

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986). According to the Supreme Court, this prohibition was intended by the drafters to address concerns of torture and barbarous punishments.

*Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  The Court held that for Eighth Amendment claims alleging inhumane confinement conditions or failure to attend to a prisoner's medical needs, the subjective standard is "deliberate indifference."  *Id.*

Plaintiff's amended complaint does not state an Eighth Amendment claim.  There are no allegations amounting to an unnecessary or wanton infliction of pain.  Nor does Plaintiff allege that serving his full forty-five-year sentence would be a tortuous or barbarous punishment.  Extending Plaintiff's conditional release date and denying Plaintiff parole on his sentence, do not qualify as violations of the Eighth Amendment right to avoid cruel and unusual punishment.

### d.  No § 1983 Conspiracy Claim

Plaintiff also alleges that the defendants conspired to extend his confinement and keep him incarcerated.  To demonstrate the existence of a § 1983 conspiracy, a plaintiff must allege, among other things, a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights."  *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013).

Although Plaintiff states that there was a meeting of the minds between the defendants, he provides absolutely no factual support of any agreement between the defendants.  Allegations of conspiracy "must be pled with sufficient specificity and factual support."  *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (internal citation omitted).  Plaintiff's bare assertion of a conspiracy is not sufficient to state a § 1983 conspiracy claim.  *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").

Finally, to prevail on a § 1983 claim for conspiracy, a plaintiff must also allege the deprivation of a constitutional right or privilege.  *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted).  As discussed above, Plaintiff's allegations cannot establish a

constitutional violation.  "Absent a constitutional violation, there is no actionable conspiracy claim." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018) (internal citations omitted).

## Conclusion

This case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's amended complaint fails to allege a state law violation or a violation of a constitutional right under 42 U.S.C. § 1983.  Plaintiff has no due process right to parole or early release on his state-court sentence.  Extending his release date is neither a violation of equal protection nor does it constitute cruel and unusual punishment.  Finally, there is no factual support for any agreement or conspiracy between the named defendants to keep Plaintiff incarcerated.  The Court will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 10] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $120.50 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet for this matter to include all seven defendants named in the amended complaint: Steven Pfister, Christina McCarthy, Mike White, Elizabeth Atterberry, Scott O'Kelley, Amy James, and Sarah Whited.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Steven Pfister, Christina McCarthy, Mike White, Elizabeth Atterberry, Scott O'Kelley, Amy James, and Sarah Whited because the complaint fails

to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 1st day of March, 2022.

                                        HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE